## MERRITT v. MERRITT.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

REFERENCE—FILING REPORT—WAIVER.

Testimony before a referee was closed and his report was signed on September 10, 1896. Copies of the report were then delivered to the parties, but the original report was not filed or delivered. On October 21st a consent order was entered, sending the case back to the referee for a supplementary report as to costs, and a request was signed by both attorneys that the referee amend his report in that regard. *Held*, that there was a waiver of the provision of Code Civ. Proc. § 1019, that either party may terminate a reference unless the referee, within 60 days after final submission of the cause, either files his report with the clerk, or delivers it to one of the attorneys, and the referee had 60 days after submission of the matter of the supplementary report within which he could file his original report.

Appeal from special term, Kings county.

Action by George Merritt, as administrator with the will annexed of John J. Merritt, deceased, against John Merritt, as administrator with the will annexed of John J. Merritt, deceased, and others. From an order vacating a judgment entered on the report of a referee, plaintiff and defendants other than John Merritt appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John R. Kuhn, for appellants.

De B. Wilmot, for respondent.

GOODRICH, P. J. This action was commenced in 1879, and shortly after the issue a referee was appointed to state the accounts between the estate represented by the plaintiff and the estate represented by the defendant. After two or three sessions, the trial was virtually abandoned, and no proceedings were taken until 1895, when a new order of reference was made, authorizing the referee to hear and determine all issues. The testimony was closed and the referee signed his report on September 10, 1896, when the parties were informed of that fact, and copies of the report were delivered to them, but for some reason the original report was not filed until February 23, 1897. After the signing of the report, Mr. Kuhn made a motion for an allowance of costs. An order was made on October 21, 1896, which was of such a character that the parties consented to and entered an order to return the report to the referee, to make a supplementary report on the question of costs, and the attorneys united in signing a request to the referee to amend his report, so as to make the costs of all parties payable by defendant Merritt out of the estate of Joshua Weeks. This, it will be observed, was much less than 60 days after the signing of the report by the referee, and consequently admits an operative reference at that date. The attorneys differed before the referee as to the intention of the stipulation, and on December 22, 1896, the defendant John Merritt, as administrator, served notice of his intention to terminate the reference, pursuant to section 1019 of the Code of Civil Procedure, which provides that the referee's written report must be either filed with the clerk, or de-

livered to the attorney for one of the parties, within 60 days from the time when the cause is finally submitted, and that otherwise either party may, before it is filed or delivered, serve a notice upon the attorney for the adverse party that he elects to end the reference, in which case the action must thenceforth proceed as if the reference had not been directed. On February 23, 1897, the referee delivered both of his reports, and the said reports were on the same day filed with the clerk. On March 19, 1897, the judgment was entered. A motion was made by the defendant, Merritt, to vacate the judgment, upon which, on April 26, 1897, an order was entered vacating the report of the referee and the judgment thereon, and from this order the present appeal is taken.

The learned justice treated the signing of the report as ending the entire authority of the referee, but I think this authority was revived by the order for a supplementary report, and that the parties, by their acts, waived the strict requirement of section 1019 as to the original report, when on October 21st they obtained the order sending the case back to the referee, and made their request of him to make a further report that the costs of all parties should be paid out of the funds of the estate. After that date, proceedings before the referee seem to have been tacitly suspended, but there is no evidence that the matter of the supplementary report was then, or at any subsequent time, finally submitted to the referee for his decision, so as to set the 60 days running. Consequently the notice of the termination of the reference was not authorized.

It is evident that there has been a large expenditure of time and professional services on the reference, and that large expenses have been incurred thereby. No objections have been made to the findings of the referee in the main report, or that injustice was done by an entry of judgment upon the merits. The application to set aside the judgment was based upon a technical point of practice, which we hold not to be well founded, and under these circumstances we should be inclined to disregard it, unless it be jurisdictional, and sustain the judgment, to the end that a litigation may be speedily terminated, which if continued will result in a further depletion of the estate, and increase of costs and expenses, in a case where the costs have already amounted to over $9,000.

The order appealed from should be reversed, and respondent's motion to vacate the judgment denied. All concur.